```
UNITED STATES DISTRICT COURT                              USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                             DOCUMENT
------------------------------------------------------ X  ELECTRONICALLY FILED
R.G., individually and on behalf of E.G., a child      :  DOC #:_____
with a disability,                                     :  DATE FILED: 09/26/2019
                                        Plaintiffs,    :
                                                       :
                -against-                              :  18-CV-6851 (VEC)
                                                       :
                                                       :         ORDER
NEW YORK CITY DEPARTMENT OF                            :
EDUCATION,                                             :
                                                       :
                                        Defendant.     :
------------------------------------------------------ X
```

VALERIE CAPRONI, United States District Judge:

On behalf of himself and his minor child, E.G., Plaintiff R.G. filed this lawsuit against Defendant New York City Department of Education, claiming to have prevailed against Defendant in an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq*. ("IDEA"), and seeking $65,621.24 in total attorneys' fees and costs under that statute's fee-shifting provision, *see* 20 U.S.C. § 1415(i)(3); *see also* Compl. (Dkt. 1); Pl. Br. (Dkt. 26) at 13; Dkt. 40-1 at 1. Plaintiff moved for summary judgment on his fee request. *See* Dkt. 15. Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

The factual and procedural history of this case is undisputed except as otherwise noted. E.G. is a child with a disability. Statement of Undisputed Material Facts ("SUMF") (Dkt. 25) ¶ 2; Findings of Fact and Decision ("FOFD") (Dkt. 32-3) at 2. On October 18, 2018, Plaintiff filed a due process complaint, alleging that DOE denied E.G. a free appropriate public education

("FAPE") for the 2016–17 school year and seeking reimbursement for E.G.'s tuition and costs at a private school, Staten Island Academy. FOFD at 2.

The Impartial Hearing Officer ("IHO") conducted a hearing, which lasted three sessions totaling four hours.[1] FOFD at 3–4. After hearing from one DOE witness and three witnesses for Plaintiff, the IHO agreed with Plaintiff that DOE denied E.G. a FAPE by failing to provide an Individualized Education Program; the IHO also concluded that Plaintiff was entitled to reimbursement because Staten Island Academy was an appropriate, unilateral placement. *Id.* at 18–19.

DOE did not appeal the IHO's decision. Plaintiff filed this lawsuit for attorneys' fees, costs, and expenses on July 31, 2018. Compl. (Dkt. 1) at 3.

## DISCUSSION

The IDEA grants district courts the discretion to award reasonable attorneys' fees and costs to a "prevailing party." 20 U.S.C. § 1415(i)(3)(B)(i). A plaintiff "'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *K.L. v. Warwick Valley Cent. Sch. Dist.*, 584 F. App'x 17, 17–18 (2d Cir. 2014) (alterations and internal quotation marks omitted) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992)). Such fees may be reduced pursuant to 20 U.S.C. § 1415(i)(3)(F), unless "the State or local educational agency unreasonably protracted the final resolution of the action or proceeding . . . ."[2] 20 U.S.C. § 1415(i)(3)(G).

---

[1] On June 2, 2017, DOE was not prepared to proceed with the hearing, and the matter was rescheduled to June 27. Hearing Tr. (Dkt. 32-4) at 5, 9, 13. On June 27, DOE's witness testified at a session that lasted one hour. *Id.* at 20, 68. On July 11, Plaintiff called three witnesses at a session that lasted three hours. *Id.* at 70, 211.

[2] The Court finds no merit to Plaintiff's argument that DOE so unreasonably protracted the administrative proceeding as to warrant preclusion from seeking more reasonable fees. *See* Pl. Br. (Dkt. 26) at 5–6. Plaintiff does

"To determine the attorneys' fees to which a prevailing party is entitled, a court must calculate each attorney's 'presumptively reasonable fee,' sometimes referred to as the 'lodestar,'" which is "calculated by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended on the matter at issue." *E.F. ex rel. N.R. v. N.Y.C. Dep't of Educ.*, No. 11-CV-5243, 2014 WL 1092847, at *2 (S.D.N.Y. Mar. 17, 2014) (citing *Millea v. Metro–North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 189–90 (2d Cir. 2008)). When determining a reasonable hourly rate for an attorney or paralegal, courts consider both the prevailing market rates for such legal services as well as the case-specific factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[3] *See Arbor Hill*, 522 F.3d at 190; *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 426–29 (S.D.N.Y. 2012) (citations omitted). A court does not need to make specific findings as to each factor as long as it considers all of them when setting the fee award. *E.F. ex rel N.R.*, 2014 WL 1092847, at *3 (citations omitted).

The parties do not dispute that Plaintiff is a "prevailing party" entitled to recover reasonable fees, costs, and expenses under 20 U.S.C. § 1415(i)(3)(B)(i)(I). *See* Answer (Dkt. 10) ¶ 16. Accordingly, the Court turns directly to calculating the presumptively reasonable fee for Plaintiff's counsel—and as with any other summary judgment motion, "all evidence must be

---

not contest DOE's response that any delay was due, in significant part, to Plaintiff's requests for extensions, and the parties' attempts to settle the matter.

[3] The *Johnson* factors are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 428 (S.D.N.Y. 2012) (citation omitted).

viewed 'in the light most favorable to the non-moving party,'" here, the DOE. *M.D. v. N.Y.C. Dep't of Educ.*, No. 17-CV-2417, 2018 WL 4386086, at *2 (S.D.N.Y. Sept. 14, 2018) (quoting *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004)).

## I. Hourly Rates

Plaintiff contends that his four senior attorneys, Cuddy, Sterne, Arkontaky, and Rothenberg, are entitled to $475 per hour; a junior associate, Bush, to $275 per hour; and paralegals to $150 per hour. Pl. Br. (Dkt. 26) at 13. DOE contends that, based on the *Johnson* factors and recent fee decisions involving Plaintiff's counsel's firm, Cuddy, Sterne, and Arkontaky should be awarded $350 per hour, Rothenberg $330 per hour, Bush $180 per hour, and paralegals $120 per hour or $100 per hour. DOE Resp. Br. (Dkt. 33) at 14–16. The Court agrees with DOE that Plaintiff's counsel's requested rates must be substantially reduced.

### A. Senior Attorneys

The prevailing market rate for experienced, special-education attorneys in the New York area *circa* 2018 is between $350 and $475 per hour. *See M.D.*, 2018 WL 4386086, at *3 (collecting cases); *C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 17-CV-7632, 2018 WL 3769972, at *6 (S.D.N.Y. Aug. 9, 2018) (same). *M.D.* and *C.D.* are particularly instructive because the Court recently decided the reasonable rates for several of the attorneys in this case and their colleagues. *See M.D.*, 2018 WL 4386086, at *3; *C.D.*, 2018 WL 3769972, at *5–7. In *C.D.*, the Court determined that Cuddy and Sterne, who have been litigating IDEA cases since 2001 and 2005 respectively, were entitled to $400 per hour, noting that they had been awarded $375 per hour as of 2011. *See C.D.*, 2018 WL 3769972, at *6 (citing *K.F. v. N.Y.C. Dep't of Educ.*, No. 10-CV-5465, 2011 WL 3586142, at *1 (S.D.N.Y. Aug. 10, 2011)). In *M.D.*, the Court awarded

$360 per hour to "senior attorneys" at the Cuddy Law Firm, including Sterne.[4] 2018 WL 4386086, at *3.

Taking into consideration those datapoints and the relevant *Johnson* factors, this Court finds that a reasonable rate in this case for Cuddy, Sterne, and Arkontaky, each of whom has been practicing IDEA law since at least 2005, is $350 per hour. In reaching this figure, the Court notes that, in *M.D.*, DOE did not meaningfully oppose the plaintiff's positions at the impartial hearing. *Id.* at 4. Although DOE did contest at the hearing the necessity of an IEP, that difference should not significantly affect the rate at which Plaintiff's counsel is compensated; it will, however, affect the reasonableness of the hours expended.

As to Rothenberg, the Court finds $300 per hour to be a more appropriate rate, given that she has significantly less experience in IDEA cases than Cuddy, Sterne, and Arkontaky. Although Rothenberg has been admitted to the New York Bar since 1994, she did not begin litigating IDEA cases until 2008 and did not specialize in IDEA cases until at least 2012. *See* Rothenberg Decl. (Dkt. 19) at 1–2; Rothenberg Supp. Decl. (Dkt. 39) at 2.

B. Kenneth Bush

In 2018, Bush was a junior associate at the Cuddy Law Firm, having graduated law school in 2015 and joining the firm in 2016. Bush Decl. (Dkt. 18) at 1. "For associates with three or fewer years of experience in such litigation, courts in this District have typically approved rates of $150–$275." *C.D.*, 2018 WL 3769972, at *7. Because of Bush's recent graduation from law school and his limited experience with IDEA litigation, the Court finds that the low end of the range is reasonable in this case. *Cf. id.* ("[A]lthough [associate] is relatively

---

[4] Plaintiff has also submitted multiple declarations containing rates billed by other IDEA practitioners. Although somewhat relevant, the Court does not find such declarations especially helpful absent context necessary to apply the *Johnson* factors.

new to the field of special education litigation, she has far more generalist legal experience, with more than 10 years of experience practicing law."). Taking into account the other *Johnson* factors, the Court finds that Bush's reasonable hourly rate is $150 per hour.

C. Paralegals

Paralegals, depending on skills and experience, have generally garnered between $100 and $125 per hour in IDEA cases in this District. *See M.D.*, 2018 WL 4386086, at *3; *C.D.*, 2018 WL 3769972, at *7; *K.F.*, 2011 WL 3586142, at *6 ("[A] rate of $125 per hour is reasonable for a paralegal with an associate's degree and substantial experience in the field."). When the fee-seeking party fails to explain what qualifications entitle the paralegal to a higher rate, a rate at the bottom of the range is warranted. *See C.D.*, 2018 WL 3769972, at *7 ("When such evidence has not been provided, courts typically award fees at the bottom of the customary fee range."). Because Plaintiff does not cite any justification for the higher paralegal rate, the Court finds $100 per hour to be reasonable in this case. *See* Pl. Br. (Dkt. 26) at 8.

II. Hours Billed

"Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded" from fee awards. *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (citation omitted). To calibrate an appropriate award, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award" by a reasonable percentage. *See Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983); *Kirsch*, 148 F.3d at 173; *M.D.*, 2018 WL 4386086, at *4. In this case, Plaintiff seeks compensation for 92.3 hours of work and five hours of travel for the administrative proceeding, and 59.9 hours of work for the fee application. The Court finds Plaintiff's counsel's hours are unreasonable.

A. Time Billed for the Administrative Hearing

DOE contends that hours billed prior to the preparation of the administrative complaint should be excluded and that Plaintiff's counsel billed excessive hours for simple and rote tasks. Plaintiff's counsel responds that the Court ought not to "nit-pick" and that the firm should not be penalized for efforts to be thorough. Pl. Reply Br. (Dkt. 37) at 6.

Although DOE contends that the Court should exclude eight hours of billable time for work done prior to the October 18 filing of the due process complaint, the Court disagrees. DOE concedes that Plaintiff's counsel may bill hours spent on "preparation" of the due process complaint. *See* DOE Resp. Br. (Dkt. 33) at 18. After reviewing the time entries for the disputed dates, from September 12 to October 13, 2016, the Court cannot conclude that those tasks were unrelated to "preparation" of the complaint—they almost exclusively consist of communications with Plaintiff and review of school records that would be relevant to the complaint. *See* Dkt. 27-1 at 1–5.

The Court does, however, find some of Plaintiff's entries to be redundant and excessive. Rothenberg and Sterne billed 2.1 and 1.5 hours respectively for reviewing the same educational records. *Id.* at 4–5. Because there is no showing that E.G.'s records were voluminous or particularly complicated, the Court reduces Rothenberg's time to 0 hours and Sterne's time to 1 hour.[5] Sterne then billed 2.5 hours to draft the due process complaint (a 3-page letter), which Rothenberg spent another 1.7 hours reviewing. *Id*. Because the contents of the letter were straightforward, the Court reduces Sterne's time to 1 hour, and Rothenberg's time to 0.5 hour.[6]

---

[5] Because there has been no showing why two experienced attorneys were required to review the records in this case, the Court has zeroed out hours that appear to be unnecessary. Because Sterne handled the administrative hearing, he obviously needed to review the records. The value of Rothenberg's review is unknown.

[6] Although Plaintiff's counsel also excessively double-teamed the drafting of the letter, the Court acknowledges that most writers benefit from an editor. Therefore, it was not unreasonable for Sterne's work to be reviewed and edited by Rothenberg.

Additionally, despite having allegedly spent significant time reviewing E.G.'s educational records, Rothenberg spent another 1.2 hours reviewing those records "to determine relevance" and disclosure—the Court reduces that time to 0.5 hours. *See id.* at 6. Rothenberg also billed 0.9 hours to review the 3-page complaint and notes from a parent conference—the Court reduces that time to 0.5 hours. *See id.* at 7. Despite the few witnesses and exhibits introduced during the hearing, Sterne billed 24.5 hours to prepare a 19-page closing brief, which included approximately three pages of block-quotes and at least three pages of stock language about the IDEA—the Court accordingly reduces that time to 15 hours. *See generally* Dkt. 32-2. Following the IHO's favorable decision, Sterne and Cuddy each billed 0.5 hour towards "appeal analysis" and "appeals process," even though Plaintiff received all of his requested relief from the IHO—the Court eliminates that time for Cuddy and reduces Sterne's time to 0.25 hour. *See* Dkt. 27-1 at 14–15.[7] Cuddy and Sterne then collectively billed 2 hours for drafting a fee memo for DOE, plus another 0.8 hour by Cuddy for reviewing their billing statement for accuracy—the time billed for the fee-memo preparation is reduced to a total of 1.5 hours for Cuddy because that is more than enough time for counsel to compile their entries, and DOE should not have to compensate Plaintiff's counsel for administrative clean-up of their own entries. *See id.* at 15–16.

In total, the Court reduces the hours billed to the administrative hearing by 17.95 hours to reach a more reasonable 79.35 hours.

B. Time Billed for Fee Application

Plaintiff's counsel also requests unreasonable hours for the fee application. Cuddy, who has nearly 20 years of IDEA experience, billed 1.1 hours to draft the Complaint, *id.* at 18, which

---

[7] The Court notes that it has allowed a high hourly rate precisely because Cuddy and Sterne are experienced IDEA litigators. That being the case, the Court cannot imagine how they spent those 30 minutes. A reasonable paying client would not pay two experienced litigators to determine that they had prevailed at the IHO level.

is essentially a three-page procedural timeline of the case, reciting when the due process complaint was filed, when the hearing took place, and when a favorable decision was rendered, plus boilerplate paragraphs about IDEA and venue. *See* Compl. (Dkt. 1) at 1–3. The Court reduces that time from 1.1 hours to 0.5 hour. Inexplicably, Bush then billed another 1.5 hours to "[d]raft fee complaint"—that figure is reduced to 0.2 hour for review and revision. *See* Dkt. 27-1 at 19. Arkontaky, Sterne, and Cuddy also billed 9.2 hours (0.4 hours for Arkontaky, 5.2 hours for Cuddy, and 3.6 hours for Sterne) to assemble fee declarations for themselves and other attorneys who worked on this matter, even though each declaration, apart from exhibits, contained approximately one page of information (procedural history) that is specific to this case—that time is reduced to 2.5 hours (0.2 hours for Arkontaky, 1.4 hour for Cuddy, and 0.9 hour for Sterne). *See id.* at 22–23. Sterne billed 10.5 hours to draft the memorandum of law, which Cuddy spent 3.6 hours reviewing and editing. *See id.* at 22–24. The 13-page brief discusses no novel questions and contains approximately five pages of boilerplate language about the IDEA, its fee-shifting provision, and Plaintiff's counsel's qualifications—for those reasons, the Court reduces Sterne's time from 10.5 hours to 6 hours, and Cuddy's time for editing from 3.6 hours to 1 hour.[8]

In total, the Court reduces the hours billed to the fee application by 15.7 hours to reach a more reasonable 44.2 hours.

---

[8] Plaintiff's counsel does not dispute DOE's allegation of "cut-and-paste" and instead argues that the billable hours would be even higher absent the recycling job. *See* Pl. Reply (Dkt. 37) at 8. The Court sees no reason why a legal brief that involves a recitation of straightforward procedural history, with recycled legal standards, should take counsel, with over 15 years of relevant experience, more than 10 hours to draft. If, in fact, the brief took that long to draft, then the hourly rates granted for those attorneys are excessive.

*   *   *

Accounting for each of these hourly reductions, and applying the hourly rates assigned in Part I, the Court finds that the presumptively reasonable fee for Plaintiff's counsel is $34,588.

### III. Departure from the Presumptively Reasonable Fee

The parties do not request, and the Court sees no reason to apply, either an upward or downward multiple to the presumptively reasonable fee. *See G.B.*, 894 F. Supp. 2d at 429 n.12 (noting that "courts may downwardly adjust the presumptively reasonable fee based on a prevailing party's limited success" but that "upward adjustments may be made only in rare and exceptional circumstances" based on "specific evidence that the lodestar fee would not have been adequate to attract competent counsel" (internal quotation marks omitted)).

### IV. Expenses

"A district court may award reasonable costs to the prevailing party in IDEA cases." *C.D.*, 2018 WL 3769972, at *12 (citing 20 U.S.C. § 1415(i)(3)(B)(i)(1)). DOE argues that Plaintiff's counsel is not entitled to mileage, lodging, meals, or parking costs stemming from Plaintiff's counsel's travel from Auburn, NY to Brooklyn, NY. DOE Resp. Br. (Dkt. 33) at 17 n.13. DOE also contends that fax and printing expenses are excessive. *Id.* Plaintiff's counsel did not respond to DOE's arguments regarding those expenses in the reply, nor is there any showing as to why Plaintiff did not retain local counsel. Assuming Plaintiff has not abandoned his claim for mileage, lodging, and other similar expenses, the Court agrees with DOE that Plaintiff's counsel's expenses should be significantly reduced.

As in *C.D.*, this Court declines to award the Cuddy Law Firm any lodging expenses. *See C.D.*, 2018 WL 3769972, at *13 ("[T]he Court will not award any costs for lodging. An attorney who was sited within a reasonable distance of the hearing location could commute daily to the

hearings, obviating any need for lodging."). "A reasonable client, in the Court's judgment, would not agree to pay in-district attorney rates while also paying for extensive lodging expenses necessitated by out-of-district attorneys' travel." *Id.*; *see also K.F.*, 2011 WL 3586142, at *6 ("[I]t is doubtful that a reasonable client would retain an Auburn or Ithaca attorney over a New York City attorney if it meant paying New York City rates and an additional five hours in billable time for each trip."). Accordingly, the Court deducts all of Sterne's lodging entries ($178.66, $440.96, and $178.66). Dkt. 27-1 at 16–17.

Sterne also billed meals on dates surrounding the IHO hearing, but none of the sessions lasted longer than three hours—and only four hours in total. Because the meals were not necessitated by the representation and would not have been billed by local counsel, the Court deducts all of the meal costs, which amount to $57.87. *See* Dkt. 27-1 at 16–17; *LV v. N.Y.C. Dep't of Educ.*, 700 F. Supp. 2d 510, 528 (S.D.N.Y. 2010).

The Court further finds that the requested transportation costs are unreasonable. Sterne billed $136.43 for mileage, six times. Dkt. 27-1 at 16–17. For local counsel to attend a hearing in Brooklyn, he or she would likely take public transit or some form of commuter rail or a short car ride. The Court finds $30 each way to be reasonable reimbursement for transportation costs; the Court also deducts Sterne's $90 in parking costs. *Id.*

The Court also agrees with DOE that $0.50 per page for printing is excessive. In 2012, this Court observed that district courts in New York "routinely reduce [] requests for photocopying reimbursement to 10–15 cents per page." DOE Resp. Br. (Dkt. 33) at 17 n.13 (citing *Febus v. Guardian First Funding Grp., LLC*, 870 F. Supp. 2d 337, 341 (S.D.N.Y. 2012)). While there has been some inflation since 2012, $0.10 per page continues to be entirely reasonable compensation for printing costs, absent any indication in the record why the copies in

this case are exceptionally expensive. The reasonable cost of 334 pages of printing is therefore $33.40, as opposed to $167.00. The Court further finds that $16 in fax costs is unreasonable. *See* Dkt. 27-1 at 16. Plaintiff has made no showing why communicating via fax is necessary or appropriate. Modern copy machines have the ability to scan documents so that they can be emailed, a method of communication that costs virtually nothing. Because no rational client would pay to fax documents that could be transmitted for free via email, the $16 in fax costs is not reimbursable.

In sum, because the remaining expenses are reasonable, the Court reduces Plaintiff's logged expenses by a total of $1,734.33, which results in a revised sum of $229.19.

## V. Summary of Award

Based on the foregoing, the Court awards Plaintiff's counsel a total of $35,331.19, inclusive of all fees and costs. The revised rates, hours, and expenses are as summarized below:

| Name | Adjusted Rate | Adjusted Hours (Hearing) | Adjusted Hours (Fee Application) | Total Adjusted Fees |
|---|---|---|---|---|
| Sterne | $350 | 44.65 | 17.3 | $21,683 |
| Sterne Travel | $175 | 5 | 0 | $875 |
| Cuddy | $350 | 1.1 | 12.2 | $4,655 |
| Rothenberg | $300 | 11.4 | 0 | $3,420 |
| Arkontaky | $350 | 0 | 2.7 | $945 |
| Bush | $150 | 0 | 1.8 | $270 |
| Paralegals | $100 | 17.2 | 10.2 | $2,740 |
| | | | Subtotal | $34,588 |
| | | | Process Service | $90 |
| | | | Hearing Expenses | $229.19 |
| | | | Fee Application Expenses | $408.50 |
| | | | Total | $35,315.19 |

## CONCLUSION

Plaintiff is awarded a total of $35,315.19 in attorneys' fees and costs. The Clerk of Court is respectfully directed to enter judgment in Plaintiff's favor for that amount, terminate all open motions, and close this case.

**SO ORDERED.**

**Date: September 26, 2019**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**